Mr. Coach Simon ok, Miss Miller May it please the court. My name is Rachel Miller Petitioners are entitled to fees under the Equal Access to Justice Act because they obtained a total victory challenging unreasonable government action I'd like to focus my time today on the only two contested issues in this case. First, substantial justification It's the government's burden to show that its position was substantially justified both at the agency level and before this court Here, the government hasn't even attempted to defend the bulk of the law, nor has it offered any defense of its litigation posture in this court The second issue in dispute is the reasonableness of the fees requested. Petitioners obtained an excellent result in this case They got a complete remand, which is the maximum relief that this court could reasonably grant. Petitioners' counsel treated this case just like they would a paying client. They employed the same billing judgment, did the same work, and submitted the same billing records. And the government hasn't disputed that petitioners are prevailing parties or that any of the other prerequisites for fees have been met. Petitioners are accordingly entitled to a full award of their requested fees. And beginning with substantial justification as I said, it's the government's burden to make this showing, and it has to show that its position was substantially justified at all stages of the litigation excuse me, of the case. Here, the government has fallen far short of meeting that burden. Do you agree or disagree that we should follow the majority of the circuits in using the totality test instead of the test that the D.C. Circuit appears to use? Our view is that the D.C. Circuit has the better view that when there is a case dispositive issue, that if the government lost that issue, it would lose the entire case, and the government can't come up with any reasonable basis in defense of what it did on that issue then it would fail to show substantial justification. That said we think we went under any potential test. Under the test the majority of the circuits test that looks to this sort of predominance holistic inquiry, we would win under that test because the government hasn't shown substantial justification hasn't even offered a defense in terms of substantial justification on the bulk of the issues. Looking to those specific errors, the most obvious errors in the BIA's decision are on the sexual orientation claim and the ARCG claim. On sexual orientation WMBC's claim was that she feared future persecution from society broadly on account of her perceived sexual orientation. Now rather than respond to that, the BIA rejected the claim by looking to the past persecution of a single individual that was non-responsive to the legal crux of the claim and non-responsive to the truth in support of it. On the ARCG claim, the BIA affirmed in total the immigration judge's nexus analysis, and for the reasons we explained more thoroughly in our opening brief that nexus analysis was simply untenable. For example, it concluded that the relationship between WMBC and Angelica might have simply been an employment relationship despite the fact that the uncontroverted and credited testimony was that Angelica viewed them to be in a romantic partnership, that Angelica regularly declared her love for WMBC, and that Angelica insisted that they raise WMBC's child together as their child. Those holdings have no basis in law or fact, much less a reasonable basis as would be required for substantial justification, and we think perhaps the best evidence of that fact is that the government hasn't attempted to argue otherwise. The government has offered no defense of the sexual orientation claim of the ARCG holding. In its fee opposition, it essentially concedes that the sexual orientation claim lacks substantial justification, and on the ARCG claim, it does try to defend what the BIA did. It says that the BIA acted reasonably in holding that ARCG shouldn't be extended to unmarried same-sex couples. The problem for the government is that that's not what the BIA held. The BIA clearly affirmed only the decision that the immigration judge made. It did not decide on grounds related to the scope of ARCG. Accordingly, the government hasn't tried to defend two out of the three holdings that the BIA made, and that lack of defense makes this case fairly easy for substantial justification. The United States government obviously has strong institutional interests in defending agency judgments that are favorable to it, and here, rather than try to defend it, it's simply essentially thrown in the towel twice. It could have defended the BIA's decision below by filing a response brief. It decided not to. It decided to seek a remand instead, and it again could have defended what the BIA did in its fees opposition, and for the reasons I've explained, it failed to do that. The fact that the government would rather send this case back to the BIA than try to defend it before this court is powerful evidence that the government couldn't come up with any reasonable basis for defending what the BIA did, that there weren't any reasonable arguments in defense of it, and that it therefore lacked substantial justification. Because the government's position lacks substantial justification, petitioners are entitled to fees under the Equal Access to Justice Act. The Act says that courts shall award fees where the government fails to meet its burden. So the only question that remains is how many fees petitioners should get. Now here, the petitioners obtained an excellent result. They requested a remand on three issues, and they got a remand actually on more than that. They got a remand on all issues that had been raised before the BIA. The Supreme Court in Hensley has said that the touchstone of reasonableness for a fee award is the results that petitioners obtained, what sort of relief they got. And here, petitioners got everything they asked for and everything that they could reasonably get under INSV Ventura. INSV Ventura says that courts generally can only remand back to the BIA rather than granting affirmative relief. So that's exactly what petitioners got, and it's certainly an excellent result under the Supreme Court's decision in Hensley. Though the government has argued otherwise, it said that petitioners only obtained a remand on one out of three issues, the sexual orientation claim. With respect to the government, that's simply not correct. This court granted the government's motion for a remand without amendment, and the government's motion for a remand asked for a remand to allow the BIA to reconsider issues, quote, including but not limited to, end quote, the sexual orientation claim. It is difficult to imagine clearer language on the fact that this was not limited to the sexual orientation claim. So petitioners got a full remand from this court. That's an excellent result, and they're accordingly entitled to full reasonable fees. Aren't you confusing the result, though, with the amount of any fees? In other words, in the abstract, it's entirely possible for the government to lose on every claim in a given hypothetical case and still have had reasonable justification for its position. Yes, Your Honor, and if the government had shown that it was substantially justified, then Your Honor is entirely right. We wouldn't be entitled to any fees, much less reasonable fees. But here, the government hasn't shown substantial justification. Now, the Supreme Court has said that the substantial justification inquiry is a one-time threshold question. That's from INS Vegene. The government's position either is or is not substantially justified. It would be inappropriate for courts to look to the amount of substantial justification in determining the amount of the fee award. The Supreme Court's decision in Vegene clearly holds as much. And this court has also held in, for example, Russell v. National Mediation Board, that even if the government's litigation position is reasonable, if what happened at the agency isn't reasonable, then a fee applicant is entitled to full fees. That it's not proper to reduce a fee award by the amount that was substantially justified. Here, the government hasn't shown substantial justification, so petitioners get their full reasonable fees. Reasonableness looks to the amount of relief, and as I've explained, that relief was total. Now, the government has presented various arguments as to why this court should reduce petitioners' fees, whittle them down in various ways. I'm happy to share the reasons we explain in our reply. We don't think any of them have merit. Petitioners treated this case just like we would have any other non-fee-shifting case. We submitted the same billing records and did the same scope of work as we would for a paying client, and nothing more is required. I'd like to just note that the government hasn't made any prevailing party argument for the reasons that we explained in our fee application. We think the prevailing party question is clearly answered by the Supreme Court's decision in Schaeffer and this court's decision in Kellams, which is most likely why the government hasn't attempted to dispute our status as prevailing parties. If there are no further questions, I'll reserve the remainder of my time. Yes, you've saved your full time for rebuttal. Thank you, Ms. Mozilla. Mr. Oliveira? May it please this court, my name is Andrew Oliveira. On behalf of the respondent, the Attorney General William P. Barr. Government believes that petitioners are not entitled to attorney fees because the government's position was substantially justified and the fees requested were vague, excessive, and redundant. To your point, Judge Smith, we believe that this court should adopt the totality method employed by all the circuits but the D.C. Circuit. And if there are no further questions, we believe that the government's response fully addresses the petitioner's claim. All right, thank you, Mr. Oliveira. Mr. Ziegler, there's not much to respond to, but if you have anything else that you can do that briefly. Your case is under submission. All today's cases are under submission.